UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE YVONNE MORENO,<br><br>Petitioner,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Respondent. | Case No. 1:19-cv-00411-BLW<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION** |

## INTRODUCTION

This is a Social Security case in which the petitioner, Michelle Moreno, appeals the Commissioner's denial of her application for benefits. This matter is before the Court on United States Magistrate Judge Ronald E. Bush's Report & Recommendation (Dkt. 29) and Petitioner's Objection (Dkt. 30). For the reasons explained below, the Court will overrule the Objection, adopt the Report & Recommendation in its entirety, and affirm the Commissioner's decision.

## BACKGROUND[1]

In January 2019, an Administrative Law Judge (ALJ) denied Moreno's

---

[1] The Court includes this brief Background section solely for ease of reference. The factual and procedural background are more fully stated in the Report, which this Court adopts in full.

**ORDER ADOPTING REPORT & RECOMMENDATION - 1**

application for Social Security Disability benefits and Supplemental Security Income benefits. *See Jan. 24, 2019 Decision,* Dkt. 15-2. In August 2019, the Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner.

Moreno then filed a petition in this Court. She says that "[t]he conclusions and findings of fact of the respondent are not supported by substantial evidence and are contrary to law and regulation." *Petition,* Dkt. 1, at 2. In particular, Moreno argues that the ALJ failed to properly evaluate her mental illness and fibromyalgia. Accordingly, she asks the Court to either reverse the ALJ's decision and find that she is entitled to disability benefits or, alternatively, remand the case for further proceedings.

In March 2020, Magistrate Judge Bush issued his Report, recommending that the Court affirm the Commissioner's decision. Moreno objects to that Report.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to

ORDER ADOPTING REPORT & RECOMMENDATION - 2

the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case, Petitioner filed objections and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter.

## DISCUSSION

Moreno raises three objections to the Report. She first alleges a due process violation. Otherwise, in two related objections, she contends that the Magistrate Judge did not properly evaluate the medical evidence. The Court has reviewed the Report de novo in light of these objections. Likewise, the Court has conducted a de novo review of the administrative record, the ALJ's decision, and the complete record in this case.

1. **Due Process**

Moreno first argues that the Magistrate Judge violated her due-process rights by failing to conduct a proper review the ALJ's decision. Moreno says that instead of restricting himself to the ALJ's reasoning and findings, the Magistrate Judge instead came up with a different set of reasons – a "second set of arguments," as she puts it – to justify denying Social Security benefits. *See Objection,* Dkt. 30, at 4.

The Court is not persuaded. While Moreno may disagree with the Magistrate Judge's substantive conclusions, she cannot seriously argue that he strayed from his obligation to conduct a proper review of the ALJ's decision. The Report begins

ORDER ADOPTING REPORT & RECOMMENDATION - 3

by stating the correct standard of review and then carefully and thoroughly applies that standard. Throughout the Report, in the effort to determine if substantial evidence supported the ALJ's conclusions, the Magistrate Judge explicitly and repeatedly referenced the ALJ's findings and reasoning. Ultimately, the Report concludes that the ALJ had indeed "provided reasonable and rationale support for his well-formed conclusions, even if such evidence is susceptible to a different interpretation." *Report,* Dkt. 29, at 20-21. This Court agrees with this conclusion, and, more to the point here, disagrees with Moreno's assertion that her rights to due process and a fair hearing have been denied.

**2.     Review of the Medical Evidence**

In her second objection, Moreno says that the Report "negates all evidence of mental impairment because . . . [she] was able to work." *Objection,* Dkt. 30, at 4. And in the third, Moreno says that the Report "rests on the assumption that psychiatric records must be 'seamless.'" *Id.* at 5.

The Court will overrule these objections. The Magistrate Judge carefully considered the medical evidence, particularly as it related to Moreno's mental illness and fibromyalgia. In so doing, he did not make improper assumptions or improperly "negate" evidence. To the contrary, after reviewing and analyzing the relevant portions of the medical record, the Magistrate Judge correctly observed that the ALJ had discounted some medical opinions while crediting others, and,

ORDER ADOPTING REPORT & RECOMMENDATION - 4

further, that the ALJ's decision to do so was "based upon clear and convincing, specific, and legitimate reasons." *Report,* Dkt. 29, at 20. After conducting a de novo review, the Court concurs with this assessment. Accordingly, the Court will overrule Moreno's second and third objections.

## ORDER

IT IS ORDERED that:

1. Petitioner's Objections to the Report and Recommendation (Dkt. 30) are **OVERRULED.**

2. The Report & Recommendation (Dkt. 29) is **ADOPTED IN ITS ENTIRETY** as the order of this Court.

3. Petitioner's Motion for Summary Judgment (Dkt. 21) is **DENIED.**

4. The Commissioner's decision is **AFFIRMED.**

5. The Court will enter a separate judgment in favor of the Commissioner in accordance with Federal Rule of Civil Procedure 58.

DATED: March 31, 2021

B. Lynn Winmill
United States District Judge